**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | | |
|---|---|---|
| In re: | * | |
| **MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C.** | * | Case No. 23-00962-JAW |
| | * | Chapter 11 |
| Debtor. | | |
| ****************************************** | | |
| **MISSISSIPPI CENTER FOR ADVANCED MEDICINE, P.C.** | * | Adversary Proceeding |
| | * | No. 25-00008-JAW |
| Plaintiff | | |
| | * | |
| Versus | | |
| | * | |
| SPENCER K. SULLIVAN, M.D. | | |
| | * | |
| Defendant | | |
| ****************************************** | | |

**JOINT MOTION TO APPROVE COMPROMISE
PURSUANT TO FED. R. BANKR. P. 9019**

Now into Court, through undersigned counsel for Greta M. Brouphy, as the Liquidating Trustee for the MCAM Liquidation Trust ("**Trustee**") for the Mississippi Center for Advanced Medicine, P.C. (the "**Debtor**" or "**Plaintiff**"), seeking the entry of an order, seeking the entry of an order, in substantially similar form to the proposed order attached hereto as **Exhibit "A"** (the "**Proposed Order**"), approving the compromise between the Trustee and Spencer K. Sullivan, M.D. (the "**Defendant**" or "**Dr. Sullivan**") regarding the *Complaint* [ECF Doc. 1] pursuant to 11 U.S.C. §§ 548 and 544, and Mississippi Code § 79-4-8.33 seeking damages in the sum of $641,144.21 in connection with distributions made to Dr. Sullivan.  The Trustee, with the consent of the Defendant, is submitting this *Joint Motion to Approve Compromise Pursuant to Fed. R. Bankr. P. 9019* (the "**Motion**").  In support of the Motion, the Trustee asserts as follows:

{00383978-2}

## JURISDICTION AND VENUE

1.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B. Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

2.     The statutory predicates for the relief requested in this Motion arises from Section 105(a) and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*  (the "***Bankruptcy Code***") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rule(s)***").

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.     On April 21, 2023, the Debtor filed a *Voluntary Petition* [Case No. 23-00962 - ECF Doc. 1] for relief under Chapter 11 of the Bankruptcy Code electing to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code as a small business debtor pursuant to Section 101(51D) of the Bankruptcy Code (the "***Chapter 11 Case***").

5.     The Chapter 11 Case was filed in the United States Bankruptcy Court for the Southern District of Mississippi ("***Bankruptcy Court***").

6.     On December 18, 2024, the Bankruptcy Court held the confirmation hearing for the *Third Amended Subchapter V Plan; Plan of Liquidation* [Case No. 23-00962 - ECF Doc. 934] ("***Plan***").   On January 23, 2025, the Bankruptcy Court entered the *Order Confirming Third Amended Subchapter V Plan; Plan of Liquidation* [Case No. 23-00962 – ECF Doc. 934] (the "***Confirmation Order***"), confirming the Plan attached, as modified

7.     The Trustee was appointed as liquidation trustee under the Plan and has authority to bring causes of action that existed as of the filing of the Debtor's Chapter 11 Case.

8.    Defendant, Dr. Sullivan, was at all times the sole owner of the Debtor and its manager and, as such, an insider of the Debtor. [Case No. 23-00962 – ECF Doc. 113].

9.    4TK Assets LLC ("*4TK*") and HSF Properties LLC ("*HSF*") are entities in which Dr. Sullivan owns an equity interest.

10.    The two entities acquired real property with funds contributed by its members as well as financing provided by Southern Bancorp. The Debtor was not a borrower of the Southern Bancorp loan.

11.    The Debtor, notwithstanding that it was not a maker of the loan or an owner of any interest in either 4TK or HSF, made regular payments to Southern Bancorp on the loans identified above. The payments made by the Debtor to Southern Bancorp in connection with the two loans were booked as "distributions" to Dr. Sullivan. The Debtor received no benefit from the funds paid to Southern Bancorp on behalf of Dr. Sullivan.

## THE PROPOSED COMPROMISE

12.    The Trustee and the Defendant have agreed (the "*Agreement*") to settle the Complaint based upon the following:

    a.  Dr. Sullivan agrees to transfer 100% ownership of the real property located at Highway 51 and Tisdale (the "*Real Property*") to the Trust, and as point of clarification, it is all of the Real Property in the possession of 4TK, subject to the mortgage in favor of Southern Bancorp Bank.

    b.  In consideration of the transfer of the Real Property, Dr. Sullivan agrees that the Trustee will sell the Real Property, that at the closing, the first $750,000 of the sale proceeds shall be paid to the Trust and for the payment of the mortgage in favor of Southern Bancorp Bank. Any remaining sale proceeds, after the payment of the $750,000, will be divided 50/50 between the Trust and Dr. Sullivan. Prior to the payment of the $750,000, any closing costs are to be paid.

    c.  Upon the transfer of the Real Property, the Trustee will grant a complete a total release of any and all claims against Dr. Sullivan.

13.     At this time, the Trust is working with David Wheeler of Wheeler & Wheeler, PLLC to complete the transfer of the Real Property.  It has come to the attention of the Trustee, that there is an issue regarding a servitude over the Real Property in favor of the County.  The belief is that the servitude is to be removed, improving the value of the property, however, it was not properly documented during the sale transfer to 4 TK.  The Trust needs to resolve this issue prior to finalizing the transfer of the Real Property, and the costs of correcting the Deed of Trust will be paid out of the sale proceeds as a closing cost to paid prior to the $750,000 distribution.  To date, the Trust has incurred $3,700.00 in fees and expenses.  The goal is to get clean title to the Real Property.

## RELIEF REQUESTED

14.     Through this Motion, the Trustee seeks, pursuant to Fed. R. Bankr. P. 9019(a), the entry of an order in substantially similarly form to the Proposed Order, approving the Agreement between the Trustee and the Defendant.

### A. Bankruptcy Courts Favor Settlements

15.     Fed. R. Bankr. P. 9019(a) provides "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Moreover, § 105(a) of the Bankruptcy Code authorizes a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

16.     The Fifth Circuit has recognized "compromises are a normal part of the process of reorganization, oftentimes desirable and wise methods of bringing to a closed proceedings otherwise lengthy, complicated and costly."[1] Indeed "'[c]ompromises are favored in bankruptcy

---

[1] *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop.* (*In re Cajun Elec. Power Coop.*), 119 F.3d 349, 354 (5th Cir. 1997) (quoting *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602 (5th Cir. 1980)).

because they minimize litigation costs and further the parties' interest in expediting the administration of a bankruptcy case."[2]

17.     To approve a compromise, this Court must determine that the settlement is both "'fair and equitable' and 'in the best interest of the estate.'"[3] Importantly, the initial burden to satisfy the "fair and equitable" standard is not high, rather "[t]he [proponent] need only show that his decision falls within the 'range of reasonable litigation alternatives.'"[4] The bankruptcy judge's responsibility "is not to decide the numerous questions of law and fact…but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"[5] Moreover, "in complex controversies, courts may conduct less exacting factual inquiries before approving a settlement which appears to substantially benefit the estate."[6]

18.     In its evaluation, "[t]he court may give weight to the 'informed judgments of the…debtor-in-possession and their counsel that a compromise is fair and equitable and consider the competency and experience of counsel who support the compromise.'"[7]

---

[2] *In re Idearc, Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009) (citing *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996)).

[3] *Szwak v. Earwood* (*In re Bodenheimer, Jones, v Szwak & Winchell L.L.P.*), 592 F.3d 664, 675 (5th Cir. 2009) (quoting *Jackson Brewing*, 624 F.2d at 602)).

[4] *In re Roqumore*, 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), *cert. denied*, 464 U.S. 822 (1983); *Cook v. Waldron*, Nos. 04-81197, 05-3438, 2006 U.S. Dist. LEXIS 31411 at *10 (S.D. Tex. Apr. 18, 2006); *Nellis v. Shugrue*, 165 B.R. 115 (S.D.N.Y. 1994)) (alterations to original).
[5] *W.T. Grant*, 699 F.2d at 608, *cert. denied*, 464 U.S. 822 (1983), (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), *cert. denied sub nom. Benson v. Newman*, 409 U.S. 1039 (1972)). *See also*, *Idearc*, 423 B.R. at 190 (quoting *Nellis*, 165 B.R. at 123).

[6] *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993) (citing *In re Lee Way Holding Co.*, 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990); *In re Hancock-Nelson Mercantile Co.*, 95 B.R. 982, 993 (Bankr. D. Minn. 1989)).

[7] *Idearc*, 423 B.R. at 190 (quoting *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). *See also In re Ashford Hotels*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness. If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

**B.  The Jurisprudential Factors for Evaluating Settlements**

19.     The "fair and equitable" standard requires the bankruptcy judge to compare "the terms of the compromise with the likely rewards of litigation'"[8] after being "apprised of all the necessary facts for an intelligent, objective and educated evaluation."[9] Specifically, the bankruptcy judge must evaluate: "(1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise."[10] The Trustee submits that the aforementioned factors, as discussed *infra*, support the conclusion that the Agreement is both fair and equitable.

20.     The Agreement will resolve the pending adversary, with such settlement avoiding the Trust incurring significant legal fees.  The Complaint is seeking the recovery of approximately $641,144.21 against Dr. Sullivan.  At the time of filing, the indebtedness on the Real Property is approximately $361,200.00.  Although not guaranteed, the Trustee and Dr. Sullivan believe that the value of the Real Property is in excess of the $750,000.00.  Thus, if the Real Property is sold for the minimum of $750,000.00, the Trust will receive in excess of $300,000.00.

i.    Probability of Success

21.     Notably, the Fifth Circuit has instructed "it would not be a settlement if to obtain approval the [proponent] would have to demonstrate that he could not succeed had the claim been pressed."[11] Rather, the proponent need only establish that "it is prudent to eliminate the risks of

---

[8] *Cajun Elec.*, 119 F.3d at 355 (citing *Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp.* (*In re Foster Mortgage Corp.*) 68 F.3d 914, 917 (5th Cir. 1995) (citing *Jackson Brewing*, 624 F.2d at 602))).

[9] *Jackson Brewing*, 624 F.2d at 602.
[10] *Cajun Elec.*, 119 F.3d at 356 (citing *Jackson Brewing*, 624 F.2d at 602). *See also*, *Watts*, 154 B.R. at 59 ("In considering these factors, the bankruptcy court must review the facts supporting a compromise, yet not decide the merits of individual issues.").

[11] *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 573 (5th Cir. 1960) (alteration to original).

litigation to achieve specific certainty though admittedly it might be considerably less (or more) than were the case fought to the bitter end."[12] Importantly, "it is unnecessary to conduct a mini-trial to determine the probable outcome of any claims waived in the settlement."[13]

22.     In evaluating the Agreement, "a Court may approve a settlement even if it believes that the trustee or debtor-in-possession ultimately would be successful at trial."[14] Rather, the Trustee submits that there are always uncertainties flowing from pressing the claims at issue (as with any litigation) and these uncertainties will be eliminated by the Agreement while also saving resources of the Trust.

ii.     <u>Complexity and Duration</u>

23.     The Trustee understands that Dr. Sullivan may have affirmative defenses to mitigate exposure and will be pursued, will undoubtedly take considerable time and resources to the detriment of the creditors of the Trust.

iii.     <u>Other Factors Bearing on the Wisdom of the Compromise</u>

24.     Under this part of the analysis, the Fifth Circuit has instructed that courts consider: (a) "the best interest of the creditors, 'with proper deference to their reasonable views'" and (b) "the extent to which the settlement is truly the product of arms-length negotiations and not of fraud or collusion."[15]

25.     "In evaluating the interests of the creditors, the court must take into account the consideration offered by the settling party and the degree to which the creditors object to determine

---

[12] *Florida Trailer*, 284 F.2d at 573 (citation omitted).

[13] *Cajun Elec.*, 119 F.3d at 356.

[14] *Drexel Burnham Lambert*, 134 B.R. at 505 (citing *In re Teltronics Services, Inc.*, 46 B.R. 426, 428 (E.D.N.Y. 1984), *aff'd*, 762 F.2d 185 (2d Cir. 1985)).

[15] *Cajun Elec.*, 119 F.3d at 356 (citing *Foster Mortgage*, 68 F.3d at 917-18).

whether the settlement furthers their best interests."[16]   The Trustee states that any ultimate recovery of any award in favor of the Trust would include the liquidation of the Real Property.  In light of this, and the complexities underlying this litigation, the Trustee is in favor of the Agreement as it will not cause further expenditure of administrative expenses and minimizes the time dedicated to litigating the Complaint.  This Agreement proposed herein provide for a recovery and will provide certainty and finality in the most cost-efficient manner.

26.     Moreover, the Trustee submits that the Agreement is the result of arms-length negotiations between the Trustee and Dr. Sullivan.

27.     Therefore, the Trustee submits that the Agreement is fair and equitable and in the best interest of the Trust and should be approved pursuant to Fed. R. Bankr. P. 9019.

**WHEREFORE**, Greta M. Brouphy, as the Liquidating Trustee for the MCAM Liquidation Trust for the Mississippi Center for Advanced Medicine, P.C. prays that this Court approve this Motion, grants the Trustee the authority to enter into the Agreement, and  and all other legal and equitable relief that this Court deems expedient and appropriate to grant; and for all other relief as is just and equitable.

Respectfully submitted:

/s/*Douglas S. Draper*
Douglas S. Draper, La. Bar No. 5073 (pro hac vice)
Michael E. Landis, La. Bar No. 36542 (pro hac vice)
HELLER, DRAPER & HORN, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103
Telephone: 504.299.3300/Fax: 504.299.3399
Email:  ddraper@hellerdraper.com
Email:  mlandis@hellerdraper.com

---

[16] *In re Asarco LLC*, No. 05-21207, 2009 Bankr. LEXIS 5721 at *35 (Bankr. S.D. Tex. June 5, 2009) (citing *Cajun Elec.*, 119 F.3d at 358 (noting that although a numerical majority of the creditors opposed the settlement, the overall interests of the creditors were well served because the settlement ridded the estate of property that was a "major impediment to reorganization").

Counsel for Greta M. Brouphy,
Liquidating Trustee for MCAM Liquidation Trust

AND

Thomas C. Rollins Jr., MS Bar No. 103469
THE ROLLINS LAW FIRM, PLLC
P.O. Box 13767
Jackson, Mississippi 39236
Telephone: (601) 500-55533
Facsimile: (601) 500-5296
Email: tc@therollinsfirm.com

Local Counsel for Greta M. Brouphy,
Liquidating Trustee for MCAM Liquidation Trust

{00383978-2}